# Exhibit B



CAUSE NO. 09-08-48300-cv

| | | |
|---|---|---|
| VANDERBILT MORTGAGE AND | § | IN THE DISTRICT COURT OF |
| FINANCE, INC. | § | |
| | § | |
| V. | § | 79 JUDICIAL DISTRICT |
| | § | |
| | § | |
| ALEJANDRO MEDINA AND | § | |
| SYLVIA AGUILAR | § | JIM WELLS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **VANDERBILT MORTGAGE AND FINANCE, INC.,** a foreign

corporation doing business in Texas and fully qualified to do business in Texas, hereinafter called Plaintiff,

complaining of **ALEJANDRO MEDINA AND SYLVIA AGUILAR,** hereinafter called Defendants and

files this its Original Petition, and for cause of action would respectfully show the Court the following:

### DISCOVERY CONTROL PLAN

1.       Discovery is to be conducted under Level 2 of the Texas Rules of Civil Procedure

190.

### CITATION AND PARTIES

2.       **VANDERBILT MORTGAGE AND FINANCE, INC.** is a corporation duly

authorized to do business in the State of Texas.

3.       Defendants, **ALEJANDRO MEDINA AND SYLVIA AGUILAR** are individuals

residing in Jim Wells County, Texas and may be served with citation at 297 County Road 3054, Orange

Grove, Texas 78372.

### JURISDICTION AND VENUE

4.       This Court has jurisdiction of this matter because the amount in controversy is within

the jurisdictional limits of this Court.

5.      The Defendants are natural persons who reside in Jim Wells County, Texas.  Jim Wells County is a proper county for venue of this suit, because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## SUIT ON RETAIL INSTALLMENT CONTRACT - SECURITY AGREEMENT

6.      On or about March 25, 2002, Defendants entered into a written Retail Installment Contract/Security Agreement (the "Contract"), by the terms of which Defendants financed a 2002 CMH Spirit VI Manufactured Home, Serial No. CLW018309TX (the "Home"), for which Defendants financed the principal sum of $32,527.30, plus an annual percentage rate on the unpaid balance thereof at the rate of 13.24% per annum.  Such amount was to be paid in 144 equal monthly installments of $451.97 beginning on June 1, 2002, and on the 1st day of each month until paid in full.   A true copy of the Contract is attached hereto, incorporated herein for all purposes, and marked Exhibit "A."

7.      Plaintiff is the present owner and holder of such Contract and is entitled to payment under the terms thereof, and Plaintiff's mortgage lien is duly noted on the Texas Original Certificate of Ownership.

8.      The Contract expressly provided that, to secure payment thereof, the Defendants grant to the holder thereof a security interest in the Home.

## DEFAULT

9.      Plaintiff fully performed all of its duties and obligations under the terms of the Contract. The Home was delivered to Defendants on or about March 25, 2002 and remains in Defendants' possession at this time.  All conditions precedent have been performed or have occurred.

10.     Defendants failed to make payments as promised and defaulted under the terms of the Contract.  Plaintiff provided Defendants a notice of default and opportunity to cure, but Defendants failed to cure the default.  Thereafter, Plaintiff exercised its right to accelerate the unpaid balance of the

indebtedness due upon the Contract.  As of August 19, 2009, there was due, owing and unpaid on the Contract the sum of $22,848.51.  Interest continues to accrue on the unpaid principal in accordance with the Contract.

### FORECLOSURE & POSSESSION

11.    Because of the Defendants' default, Plaintiff is entitled to foreclose its security interest in the Home, for which the Plaintiff hereby sues.  In the alternative, Plaintiff is entitled to possession of the Home pursuant to Section 9.609 of the Texas Business and Commerce Code which provides that a secured party may take possession of the collateral after default.   Additionally, the Contract provides that in the event of default, Plaintiff is entitled to possession of the Home.  Therefore, **VANDERBILT** is entitled to possession of the Home as a matter of law.

### ATTORNEY'S FEES

12.    The Contract expressly provides that, in the event of default, Plaintiff is entitled to recover, in addition to all other sums due and owing, a reasonable amount as attorney's fees, and all costs of collection.  In addition, Plaintiff made demand upon Defendants for payment of the claim made the basis of this suit more than 30 days prior to the filing of this suit and is therefore entitled to recover reasonable attorney's fees pursuant to Tex. Civ. P. & R. Code 38.001, et seq.  A reasonable attorney's fee for the Plaintiff in this suit would be the sum of at least $5,000.00.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays to the Court that Plaintiff recover:

a.    Judgment against Defendants, **ALEJANDRO MEDINA AND SYLVIA AGUILAR**, for the sums hereinabove described, plus pre-judgment interest thereon pursuant to the terms of the Contract, and with interest on the total amount due accruing after Judgment at the statutory rate until paid;

b.    Attorney's fees, including conditional awards in the event of appeal, with interest after Judgment at the statutory rate until paid;

3

c.      Costs of suit;

d.      Foreclosure of Plaintiff's lien on the 2002 CMH Spirit VI Manufactured
        Home, Serial No. CLW018309TX,  hereinabove described;

e.      Issuance of any writs to obtain possession of the home from Defendants and
        all other occupants or parties in possession and other remedies necessary to
        collect on the Home; and

f.      Such other and further relief, both at law and in equity, to which Plaintiff may
        be justly entitled.

                Respectfully submitted,

                **UPTON, MICKITS & HEYMANN, L.L.P.**
                Frost Bank Plaza
                802 N. Carancahua, Suite 450
                Corpus Christi, Texas 78470
                (361) 884-0612
                (361) 884-5291 - Facsimile

                By: _____
                        K. CLIFFORD LITTLEFIELD
                        State Bar No. 00796960

        ATTORNEYS FOR PLAINTIFF,
        **VANDERBILT MORTGAGE AND FINANCE, INC.**

Z:\SECLI\Data\KCL\Vanderbilt\Malo.tim, Alejandro\Pleadings\Petition.wpd

4

651720        **RETAIL INSTALLMENT CONTRACT—SECURITY AGREEMENT**     CONV ☒ FHA ☐ VA ☐

ASSIGNEE: Vanderbilt Mortgage and Finance, I

Buyer's Name: **ALEJANDRO MEDINA**             Co-Signer's Name:

Buyer's Name: **SYLVIA AGUILAR**             Co-Signer's Name:

Buyer's Address: **CR 3053 , ORANGE GROVE, TX 78372**

"Buyer" refers to all persons who sign this contract as buyer or co-buyer, jointly and severally. "Seller" refers to the seller. The Seller will submit this contract to Vanderbilt Mortgage and Finance, Inc,. P.O. Box 9800, Maryville, Tennessee 37802; and, if approved, the contract will be assigned to Vanderbilt Mortgage and Finance, Inc. Buyer promises to advise Seller in writing of any change of Buyer's mailing address while this contract is in effect. Seller should send any papers or notices concerning the Manufactured Home purchased under this contract to Buyer's mailing address. On the date of this contract, Buyer buys from Seller on a credit sale basis the Manufactured Home described below, together with furnishings, equipment, appliances and accessories included in the Manufactured Home at the time of purchase (collectively called "Manufactured Home").

**PROMISE TO PAY:** Buyer promises to pay Seller the "Unpaid Balance" as listed under "Itemization of Amount Financed" above plus interest from the contract date at the rate of 13.24% ("Contract Rate"). The "Unpaid Balance" includes any Prepaid Finance Charges advanced for Buyer. Prepaid Finance Charges, if any, shall be deemed fully earned by Seller when Buyer executes this Note. Buyer will pay the loan by making monthly payments in the amount(s) and on the dates listed in the Payment Schedule shown above. Buyer understands that the amount of the regular payment is based upon the assumption that all payments will be made on the scheduled due dates and in the scheduled amounts. If no Contract Rate is disclosed above, the initial interest rate is the Annual Percentage Rate shown below. The finance charge is figured on the assumption that Buyer will make each payment exactly as scheduled. (Buyers payment schedule). If no Contract Rate is disclosed above, the initial interest rate is the Annual Percentage Rate shown below.

Description of Manufactured Home      New ☒   Used ☐

| TRADE NAME: CMH | ADDITIONAL ACCESSORIES AND FURNISHINGS: ITEM AND SERIAL # |
|---|---|
| YEAR:         MODEL: SPIRIT VI | |
| LENGTH:         WIDTH: | |
| SERIAL NO: CLW018309TX | |
| SERIAL NO: | |

| ANNUAL PERCENTAGE RATE The cost of Buyer's credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost Buyer | Amount Financed The amount of credit provided to Buyer or on Buyer's behalf: | Total of Payments The amount Buyer will have paid after Buyer has made all payments as scheduled: | Total Sale Price The total cost of Buyer's purchase on credit including Buyer's down payment of $ 2,000.00 |
|---|---|---|---|---|
| 13.24% | $ 32,556.38 | $ 32,527.30 | $ 65,083.68 | $ 67,083.68 |

Buyer's payment schedule will be: :

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 144 | $ 451.97 | Monthly, beginning June, 1 - 2002 |
| | | Monthly, beginning |
| | | Monthly, beginning |
| | | Monthly, beginning |

**Security:** Buyer gives Seller a security interest in:
☒ The goods or property being purchased including the Manufactured Home as described below.
☒ Real property located at: 100 NORTH ORANGE  ORANGE GROVE TX 78372

**Late Charge:** If a payment is more than 15 days late, Buyer will be charged 5% of the unpaid amount of such payment, not to exceed $5.00.

**Prepayment:** Buyer may prepay any amounts due under this contract at any time without penalty.  Buyer will not entitled to a refund of the unearned portion of the prepaid finance charge, if any was charged to Buyer.

**Assumption:** Someone buying the Manufactured Home may be allowed to assume the remainder of Buyer's obligations under this contract on the original terms only if such person is approved by Seller.

See "Additional Terms and Conditions" on reverse side for additional information about nonpayment, default, required payment in full before the scheduled date and prepayment refunds and penalties.

**Estimates:** All numerical disclosures except the late payment disclosures are estimates.



            **Exhibit "A"**             03/25/2002 05:52:38 PM

2

## ITEMIZATION OF AMOUNT FINANCED:

1. Cash Price (Including Sales Tax of $ 0.0 ............................. $ 30,000.00
   Cash Downpayment.................................$ 2,000.00
   Trade-In (Year, Make, Model) N/A
        Length   N/A    Width  N/A
   Trade Allowance  N/A    Liens  N/A
   Net Trade-In Allowance                 N/A
2. Total Downpayment.....................................................$ 2,000.00
3. Unpaid Balance of Cash Price (1 minus 2) ....................$ 28,000.00
4. Amounts paid to others on Buyer's behalf
   a. To Insurance Companies
       (1) Property Insurance ......................$ 2,237.00**
       (2) Credit Life Insurance ..................$ 1,050.00**
   b. To Public Officials
       (1) Certificate of Title........................$ 0.00
       (2) Filing Fees ...................................$ 0.00
   c. To LAND POJIMPROVE ......................$ 0.00**
   d. To LAND SURVEY/INS.......................$ 0.00**
   e. To MHIT..............................................$ 75.30**
   f. To ........................................................$ 0.00**
   g. To APPRAISAL FEE ............................$ 400.00**
   h. To ATTORNEY FEE..............................$ 0.00**
   i. To TITLE SRCH/INSR ...........................$ 285.00**
   j. To HOME BUYERS ...............................$ 480.00**
   k. To ........................................................$ 0.00**
   l. To .........................................................$ 0.00**
   m. To .......................................................$ 0.00**
   n. To ........................................................$ 0.00**
            Total (Items a. through n.) .........$ 4,527.30
5. Unpaid Balance (3 plus 4) ...................................$ 32,527.30
6. Prepaid Finance Charges to VMF ..........................$0.00
7. Amount Financed (5 minus 6).................................$ 32,527.30
** Seller may retain, or receive, a portion of these amounts

## INSURANCE:

PROPERTY INSURANCE ON THE MANUFACTURED HOME IS REQUIRED FOR THE TERM OF THIS CONTRACT. BUYER HAS THE RIGHT TO OBTAIN SUCH INSURANCE FROM ANYONE AUTHORIZED BY LAW TO SELL IT. However, by checking the appropriate box below, Buyer elects to buy through Seller property insurance of the specified coverage, term and premium.

| Type of Insurance | Term | Premium |
|---|---|---|
| ☒ MobilOwners | 36 | $ 2,237.00 |
| ☐ | | |

OPTIONAL HOME BUYER PROTECTION PLAN (HBPP): Buyer protection and service plans are <u>voluntary</u> and are <u>not</u> required to obtain credit. If the box is checked, Buyer has elected to purchase HBPP at the terms shown below.

| Type of Insurance | Term | Premium |
|---|---|---|
| ☒ HBPP | 60 | $ 480.00 |

CREDIT LIFE INSURANCE IS NOT REQUIRED TO OBTAIN CREDIT AND WILL NOT BE PROVIDED UNLESS BUYER SIGNS AND AGREES TO PAY THE ADDITIONAL COST.

| Type of Coverage | Term | Premium |
|---|---|---|
| ☒ Single | 84 | $ 1,050.00 |
| ☐ Joint | | |

This insurance may not pay off all Buyer's debt and the exact amount of coverage is shown on Buyer's policy or certificate.  If Buyer elects credit insurance, the name(s) of the proposed insured(s) are:
(Only Buyers (not Co-Signers) can be insured jointly.)
Proposed Insured: ALEJANDRO MEDINA          Age: 24
Proposed Insured:
Buyer's signature indicates Buyer's election to obtain the above marked insurance coverage(s) for the term, premium and proposed insured(s) shown.

Signature X _____ Date 3-25-02
Signature X _____ Date 3-25-02
Signature _____ Date _____
Signature _____ Date _____

**SECURITY INTEREST:** Buyer gives Seller a security interest under the applicable certificate of title law and the applicable Uniform Commercial Code in the Manufactured Home and any property added or attached to it, and if indicated above the real property as described, to secure Buyers obligation under this Contract. If this loan is also secured by a Deed of Trust or Mortgage on my real property, then this security agreement is not exclusive. If, and to the extent permitted by applicable law, Buyer agrees that Seller or its assignee may charge and collect from Borrower a reasonable fee for preparing documents related to this transaction, such as applications for certificates of title, financing statements, mortgages and deeds of trust, as well as any amendments to or terminations of any security interests created by any of the foregoing. All rights and remedies under this Note and any Deed of Trust executed herewith are cumulative, but Buyer's right to a written notice of default and 30 days to cure shall not be affected by any inconsistent provision of any Deed of Trust. Buyer also assigns directly to Seller any interest Buyer may have in premium refunds or proceeds under any insurance covering the Manufactured Home. Buyer agrees to execute any application for certificate of title or ownership, financing statement or other document necessary to perfect Sellers security interest in the Manufactured Home. Buyer authorizes Seller to sign Buyer's name to any financing statement or application or other document which may necessary to perfect the security granted by Buyer herein.

**BUYER'S RIGHT TO PREPAY:** BUYER MAY PREPAY ANY AMOUNTS DUE UNDER THIS CONTRACT AT ANY TIME WITHOUT PENALTY. However, pre-paid finance charges (loan fees, points, finders fees or similar charges), if any, will not be refundable. Buyer has the right to make payments at any time before they are due. Unless Buyer directs Seller otherwise in writing, Seller will apply Buyer's prepayments to reduce the next scheduled payment or payments that Buyer owes under this contract.  A partial prepayment will not change the due date or monthly payment amounts.

**PROPERTY INSURANCE:** Buyer is required to insure the Manufactured Home against physical damage for the term of the contract at Buyer's expense, subject to Sellers approval. If Buyer purchased and financed the premium(s), the premium is financed over the term of the loan, even though the term of insurance is less than the loan term. The amount of coverage must provide the types and amounts required by Seller. The insurance policy will contain a loss payable clause protecting Seller (as Seller's interest may appear), and provide for at least a 10 day notice of cancellation to Seller.  Buyer agrees to provide written proof of such coverage to Seller at Seller's request within 5 days notice. Buyer has the right to choose the person through whom the property insurance is obtained. If Buyer's insurance coverage expires or is canceled prior to payment in full of this contract, Buyer must obtain no less than the minimum coverage at Buyer's expense for the remaining term of the contract. Should Buyer fail to maintain coverage or fail to provide proof of such insurance, Seller may, but is not obligated to, at Seller's sole discretion, obtain coverage in an amount and type it deems necessary. Buyer agrees that such coverage may cover Seller's interest and Buyer's interest or only Seller's interest. Seller may, at its sole option, insure against losses in amounts equal to the unpaid balance due on the note. Buyer understands the insurance premiums may be higher if Seller purchases the insurance than might be the case if Buyer had purchased the insurance. Seller may purchase the insurance from an affiliated company which may receive a profit for this service. Seller has no obligation to Buyer to search for any lower cost premiums that may be available to Buyer by other insurance companies.

**ADVANCES TO PROTECT THE MANUFACTURED HOME:** If Buyer fails to pay for required insurance, Buyer fails to pay park or lot rent (and any other related charges), if Buyer fails to satisfy taxes, assessments, or other liens or encumbrances against the Manufactured Home, if Buyer fails to keep the Manufactured Home in good repair or if Buyer fails to make any other payments required by this contract or applicable law, Seller may (but is not required to) make such repairs or payments Seller chooses. Any and all of such payments made by Seller, and any amounts Seller pays to protect or enforce Seller's security interest, will be added to the amount Buyer owes Seller on this contract, and will be secured by the Manufactured Home. Buyer agrees to pay interest on these amounts at the Contract Rate provided for in this contract on any such amounts Buyer does not repay immediately. At Seller's sole option, Seller may (1) demand that Buyer repay these amounts immediately, or (2) add these amounts to Buyer's regularly scheduled payments, or (3) add these amounts as additional installments due or (4) add these amounts to the final installment due on this contract.

**DELINQUENCY AND DEFAULT:** Time is of the essence. If a payment is more than 15 days late, Buyer agrees to pay a late charge of 5% of the unpaid amount, not to exceed $5.00. If any check, negotiable instrument of withdrawal or share draft is dishonored and returned to Seller by Buyer's financial institution, Buyer will pay a processing fee of a maximum of $20.00 or the maximum amount permitted by law, whichever is less, in addition to being required to make payment on the item, and late charges. Buyer will be in default on this contract if: (1) Buyer fails to make any payment when due; or (2) otherwise fails to perform any of Buyer's obligations under this contract; or (3) Buyer dies or becomes legally unable to manage Buyer's affairs; or (4) any statement of fact, representation or warranty Buyer makes to Seller in Buyer's loan application, or in any loan document is false, misleading, inaccurate, or incomplete. In the event of Buyer's default, Seller will give Buyer notice of the right to cure the default ("Notice of Default") when required by law. Buyer is not, however, entitled to a Notice of Default more than twice in any one-year period. Under no circumstances is Buyer entitled to a Notice of Default if Buyer has either abandoned or voluntarily surrendered the Manufactured Home, or if other extreme circumstances occur. If Buyer has not cured the default within 30 days after the postmarked date of the notice, Seller may accelerate the maturity of the debt and require Buyer to pay Seller the entire remaining balance due on the contract. Seller may take legal action against Buyer, and Seller may repossess the Manufactured Home. In the event of default, Buyer also agrees to pay Seller's expenses for (a) reasonable attorney's fees, not to exceed 15% of Buyer's unpaid debt, after referral to an attorney who is not Seller's salaried employee; (b) court costs and disbursements; and (c) costs of repossessing the Manufactured Home including the costs of storing, reconditioning, and reselling it. Before Seller sells the Manufactured Home, Buyer can get it back (redeem) if Buyer (1) pays Seller amounts which are past due, including late charges; (2) pays Seller the cost of taking and storing the Manufactured Home and other expenses that Seller incurs; (3) pays Seller all other charges or other expenses to which Seller is entitled under this contract; and (4) cures any other defaults which may have occurred. Buyer's right to redeem will end when the Manufactured Home is sold unless otherwise required by law. Any personal property of Buyer's in or attached to the Manufactured Home which is not subject to Seller's security interest may be held by Seller without liability if the Manufactured Home is repossessed. Buyer will be deemed to have waived any claim thereto unless written demand by certified mail is made upon Seller within ten (10) days after repossession.

**OTHER TERMS AND CONDITIONS OTHER TERMS AND CONDITIONS:** Buyer will not move the Manufactured Home from the address above without Seller's prior written consent. Buyer will not sell the Manufactured Home without Seller's prior written consent. Buyer will not let the Manufactured Home become part of any real estate. Buyer agrees that the Manufactured Home sold by the terms of this contract is personal property. Unless Seller gives prior written consent, Buyer shall not allow the Manufactured Home to become a part of real estate or to otherwise lose its status as personal property under applicable law, and doing so shall constitute willful and malicious injury to the Manufactured Home and Seller's security interest herein. Buyer will not encumber or abandon the Manufactured Home or use it for hire or illegal activity, nor allow any lot lien, landlord lien, or similar lien to encumber the Manufactured Home. Buyer will pay promptly all taxes and any liens and encumbrances of the Manufactured Home. Buyer will notify Seller promptly of any loss or damage to, or confiscation or theft of the Manufactured Home. When Seller asks for it, Buyer promptly will provide Seller with proof that (1) Buyer has the insurance required under this contract; (2) all taxes assessed against the Manufactured Home have been paid; (3) all park or lot rent (and any other related charges) due has been paid; (4) Seller's lien is the only lien against the Manufactured Home, and (5) the Manufactured Home is in good condition and repair. Seller can inspect the Manufactured Home at any time. If Buyer is married, and residing in a community property state, both Buyer's community property and separate property will be liable for all payments under this contract. Buyer will cooperate with Seller regarding any requests after closing to correct errors made concerning this contract or the transaction and to provide any and all additional documentation deemed necessary by Seller to complete this transaction. Buyer acknowledges that Buyer has examined the Manufactured Home and, if it is used, Buyer accepts the Manufactured Home *as is*. The year of the Manufactured Home as specified in this contract is for identification purposes only. Seller may rely on a telecopy or photocopy of this agreement as if it were an original. Buyer acknowledges that any Broker or other third party used to facilitate this transaction may receive compensation from Seller for its services. If the Home Buyer Protection Plan (HBPP) or Credit Life were purchased, the premium(s) are financed over the term of the loan, even though the term of insurance is less then the loan term.

**ARBITRATION:** All disputes, claims or controversies arising from or relating to this contract, or the subject hereof, or the parties, including the enforceability or applicability of this arbitration agreement or provision and any acts, omissions, representations and discussions leading up to this agreement, hereto, including this agreement to arbitrate, shall be resolved by mandatory binding arbitration by one arbitrator selected by Seller with Buyer's consent. This agreement is made pursuant to a transaction in interstate commerce and shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right to litigate disputes in court, but that they prefer to resolve their disputes through arbitration, except as provided herein. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL. The parties agree and understand that all disputes arising under case law, statutory law and all other laws including, but not limited to, all contract, tort and property disputes will be subject to binding arbitration in accord with this contract. The parties agree that the arbitrator shall have all powers provided by law, the contract and the agreement of the parties. These powers shall include all legal and equitable remedies including, but not limited to, money damages, declaratory relief and injunctive relief. Notwithstanding anything hereunto the contrary, Seller retains an option to use judicial (filing a lawsuit) or non-judicial relief to enforce a security agreement relating to the Manufactured Home secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation secured by the Manufactured Home or to foreclose on the Manufactured Home. The institution and maintenance of a lawsuit to foreclose upon any collateral, to obtain a monetary judgment or to enforce the security agreement shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this contract, including the filing of a counterclaim in a suit brought by Seller pursuant to this provision.

5

### NOTICE

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR (BUYER) COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR (BUYER) SHALL NOT EXCEED AMOUNT PAID BY THE DEBTOR (BUYER) HEREUNDER.**

(See above for Buyer's and Seller's Signatures)

### ASSIGNMENT BY SELLER

TO VANDERBILT MORTGAGE AND FINANCE, INC. (VANDERBILT):  For value received, Seller hereby assigns within contract and all Seller's right, title and interest in it, and its collateral to Vanderbilt Mortgage and Finance, Inc. (Assignee), together with certain warranties and recourse obligations, if any, contained in the underlying agreement between Seller and Vanderbilt.

VANDERBILT MORTGAGE AND FINANCE, INC. assigns _____
the foregoing contract including all amounts payable by buyer and the security interest in the collateral, without recourse.

Date: _____   By: _____   Title: _____

TX Fixed - Rev 04/2000

**ORIGINAL** | **CITATION FOR PERSONAL SERVICE** | **COPY**

## Cause No. 09-08-48300-CV

| VANDERBILT MORTGAGE AND FINANCE, INC., Plaintiff(s) | § | IN THE DISTRICT COURT | R. David Guerrero |
|---|---|---|---|
| | § | | Clerk of the Court |
| VS. | § | 79ᵀᴴ JUDICIAL DISTRICT | P.O. Drawer 2219 |
| | § | | Alice, Texas 78333 |
| ALEJANDRO MEDINA AND SYLVIA AGUILAR, Defendant(s) | § | JIM WELLS COUNTY, TEXAS | |

### THE STATE OF TEXAS

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

TO:    SYLVIA AGUILAR, 297 COUNTY ROAD 3054, ORANGE GROVE, TEXAS 78372, Defendant, Greeting: You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before ten o'clock a.m. of the Monday next after the expiration of twenty (20) days after the date of service of this citation before the Honorable 79ᵗʰ Judicial District Court of JIM WELLS County, Texas at the Courthouse of said County in Alice, Texas.

Said Plaintiff's Petition was filed in said court, on AUGUST 21, 2009, in this cause, numbered 09-08-48300-CV on the docket of said court, and styled, **VANDERBILT MORTGAGE AND FINANCE, INC., Plaintiff, vs. ALEJANDRO MEDINA AND SYLVIA AGUILAR, Defendant.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition, accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Alice, Texas, this AUGUST 27, 2009.

Attest: *R. David Guerrero*, Clerk 79ᵗʰ Judicial District Court
Jim Wells County, Texas.

By: _Rosie Garcia_



FILED AT _____ O'CLOCK ____ M
R. DAVID GUERRERO

**SEP 0 8 2009**

Deputy
CLERK, DIST COURT, JIM WELLS CO, TEXAS
BY _____ DEPUTY

### RETURN OF OFFICER

Came to hand at _____ o'clock ____ .m., on ____ day of _____, 20___, and executed (not executed) at _____
in _____ County, Texas, at _____ o'clock ____ .m., ____ day of _____, 20___, by delivering to _____ defendant, in person, a true copy of this Citation together with the accompanying ____ copy(-ies) of the Plaintiff's Original Petition. Cause of failure to execute this citation is _____
_____

Fees-Serving _____ cop__ $_____                                          _____, Sheriff/Constable
   Total _____ $_____                                                        _____ County, Texas
   Fees paid by _____                                       By _____, Deputy

### AUTHORIZED PERSON RETURN

304 CC 3054

Came to hand at 11:30 AM o'clock P m., on the 28 day of August, 2009 Executed at 3:20PM in Jim Wells County, Texas at 3:20 o'clock PM m., the 28 day of August, 2009 by delivering to Sylvia A Aguilar defendant, in person a true copy of the Citation together with the accompanying 28 copy(ies) of the Plaintiff's Original Petition attached thereto and I endorsed on said copy of this Citation the date of delivery. To certify which I affix my hand officially this 28 day of Aug, 2009

_Charles Johnson_                                                        Jim Wells _____ County, Texas
Authorized Person - Printed Name                              By _Charles Johnson_ Process Server
Charles Johnson

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public on 31st day of August, 2009
_Norma Rodriguez_
Notary Public - State of Texas
In and for _____
Commission expires: _____



NORMA I. RODRIGUEZ
MY COMMISSION EXPIRES
July 20, 2012